UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DESIREA A. GETSINGER,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security Administration,<br><br>    Defendant. | NO. 1:14-cv-03127-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Motion for Summary Judgment, ECF No. 20. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney John C. LaMont.

**I.    Jurisdiction**

On June 2, 2011, Plaintiff filed applications for disability insurance benefits (DIB) and supplemental security income payments (SSI). Plaintiff alleged she is disabled beginning September 10, 2002,[1] due to conditions including bipolar disorder, anxiety, PTSD, and Asthma.

---

[1] In her response, Plaintiff amended her onset date to June 1, 2010 to conform to the evidence from her treating source. ECF No. 13 at 29.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Her application was denied initially on September 12, 2011, and again denied on reconsideration on October 13, 2011. A timely request for a hearing was made. On March 8, 2013, Plaintiff appeared and testified at a hearing held in Spokane, Washington before Administrative Law Judge (ALJ) Virginia Robinson. Trevor Duncan, vocational expert, also appeared and testified. Plaintiff was represented by attorney Chad Hatfield.

The ALJ issued a decision on March 15, 2013, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied her request for review on July 3, 2014. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on September 2, 2014. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(g).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

///

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

## IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

Plaintiff was 26 years old at the time of the hearing. She is married or has a significant other, and has two children. She completed the 7th grade. She testified that school was very difficult for her and around this time, she was spending time in juvenile detention because she was running away from home and was violent toward her mother. When she was 15, she was raped by a stranger at a party. A few years later, she was raped by a friend of her abusive ex-boyfriend. Her mother reported to her that she had been molested when she was an infant, and she has been abused by more than one boyfriend.

She was kicked out of the house when she was 17, and she spent time on the street doing drugs. In 2009, she became pregnant, stopped using drugs, and sought mental health treatment. She has been diagnosed with bipolar disorder, PTSD, depression, and ADHD.

Plaintiff re-experiences her abuse daily, and also has nightmares, flashbacks, and intrusive thoughts, as well as an exaggerated startle response, hypervigilance, sleep disturbances, irritability, concentration problems and panic attacks, lack of energy, and sexual problems. She experiences mood swings and angry outbursts.

She worked at a convenience store—mopping the floors, wiping down the machines, and pushing items forward on the shelf. Generally, she worked about an hour a day. After new owners purchased the store and increased her hours and responsibilities, she had problems related to her anger and mood swings, and eventually had an episode where she blew up at the owners and quit.

Plaintiff does not have a driver's license. She was unable to pass the written test. She is not comfortable going outside of her house by herself. If she takes her kids to the park, her significant other, sister, or mother accompanies her. She

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

rarely goes to family dinners or holiday occasions because there are too many people.

## V. The ALJ's findings

The ALJ found Plaintiff met the insured status requirement of the Social Security Act through June 30, 2012.

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 10, 2002. (Tr. 21.)

At step two, the ALJ found Plaintiff has the following severe impairments: attention-deficit hyperactivity disorder (ADHD), major depressive disorder, post-traumatic stress disorder (PTSD), and borderline personality traits. (Tr. 21.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listing 12.02 (Organic Mental Disorders), 12.04 (Affective Disorders), 12.06 (Anxiety-related Disorders), and 12.08 (Personality Disorders). (Tr. 22.)

The ALJ concluded that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, routine tasks; and is limited to occasional and superficial interaction with the public. (Tr. 24.)

At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 29.)

At step five, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 29.) The ALJ relied on the testimony of a vocation expert, and concluded that Plaintiff was capable of performing the requirements of representative occupations such as vehicle cleaner, hand packager, and janitor. As such, the ALJ concluded that Plaintiff was not disabled from September 10, 2002 through March 15, 2013.

///

///

VI. **Issues for Review**

1. Did the ALJ commit reversible err in rejecting the opinions of Plaintiff's treating and examining medical sources?

2. Did the ALJ commit reversible error in rejecting lay witness statements?

3. Did the ALJ commit reversible error in finding Plaintiff not credible?

VII. **Discussion**

1. **Medical Opinions**

The ALJ is tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Generally speaking, three types of doctors provide medical evidence: treating doctors, examining doctors, and reviewing (non-examining) doctors. "By rule the Social Security Administration favors the opinion of a treating physician over non-treating physicians." 20 C.F.R. § 416.927[2]; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight." *Orn*, 495 F.3d at 631. If a treating physician's opinion is not given "controlling weight" because it does not meet these requirements, the ALJ should consider (i) the length of the treatment relationship and the frequency of examination by the treating physician;

---

[2] 20 C.F.R. § 416.927(c)(2) states: Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

and (ii) the nature and extent of the treatment relationship between the patient and the treating physician in determining the weight it will be given. *Id.* The ALJ is not required, however, to merely accept the opinion of a treating doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where contradicted, the ALJ may reject the opinion for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* On the other hand, where the treating doctor's opinion is uncontradicted, the ALJ can only reject it for clear and convincing reasons. *Id.*

The opinions of examining physicians are afforded more weight than those of non-examining physicians. *Id.* Factors the ALJ should consider in evaluating any medical opinion (not limited to the opinion of the treating physician) include: (1) the amount of relevant evidence that supports the opinion and the quality of the explanation provided; (2) the consistency of the medical opinion with the record as a whole; (3) the specialty of the physician providing the opinion; and (4) other factors, such as the degree of understanding a physician has of the Administration's disability programs and their evidentiary requirements and the degree of his or her familiarity with other information in the case record. *Orn*, 495 F.3d at 631. When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ relied on the following medical professionals in issuing her ruling; (1) Dr. Mary Pellicer, M.D., consultative examiner; (2) Jesse McClelland, M.D., consultative examiner; (3) Dr. James Bailey, State Agency psychological consultant; (4) Dr. Diane Fligstein, State Agency psychological consultant; and (5) Kathleen Mack, ARNP, treatment provider.

The medical providers who treated or examined Plaintiff concluded that she was unable to sustain full-time employment. The ALJ gave these provider's opinions some, little, or no weight. The State Agency consultants who conducted a

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

review of the record, but never examined Plaintiff, concluded that she is capable of understanding and remembering simple instructions and directions, and is able to maintain concentration, persistence and pace for routine tasks, as well as tolerate cursory contact with the public and coworkers and can accept supervision delivered in a normative fashion. The ALJ gave great weight to the opinions of the State Agency consultants.

The ALJ erred in giving more weight to the non-examining medical sources than to the examining and treating sources. The opinion of a non-examining physician cannot by itself constitute substantial evidence to reject the opinion of a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830-1 (9th 1995).

Also, the ALJ failed to provide legitimate reasons for rejecting the opinions of Dr. McClelland, Dr. Pellicer, and Ms. Mack, all of whom opined that Plaintiff has severe psychiatric symptoms resulting in significant functional limitations. The ALJ's reasoning as set forth in her opinion suggests that she has a misunderstanding of, and possibly a total disregard for, the nature of Plaintiff's psychiatric impairments. Plaintiff's "overriding problem" is her PTSD, which "affects her ability to be around people and has made her more and more fearful of being outside her home." (Tr. 388.) She testified that when she is at home with the kids, the blinds are down for most of the time because she does not like people watching her. (Tr. 51) She cannot go to the grocery store by herself. (Tr. 51-52.) She calls her family for help when things get too much for her at home, and her family checks in on her daily. (Tr. 50.) Things build up and violence seems like the answer. (Tr. 50.). She has panic attacks and severe anxiety when in public and around other people. (Tr. 384). Consequently, Plaintiff's symptoms impact her functioning in public places, such as a workplace, much more significantly than her functioning at home and around treatment providers who she knows and trusts. The ALJ's reliance on the fact that Plaintiff has the ability to interact appropriately with treatment providers, and the fact that she cares for her children is not

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

sufficient to reject the examining and treating medical source's opinions. *See Garrison*, 759 F.3d at 1016 (noting that "impairments that would unquestionably preclude work and all other pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

Additionally, Dr. Pellicer's opinion is entitled to more weight than a non-examining opinion. The ALJ's reasons for rejecting Dr. Pellicer's opinions are not legitimate. Dr. Pellicer is a medical doctor, who is qualified to give an opinion regarding Plaintiff's mental health and ability to work. More importantly, Dr. Pellicer's opinion is consistent with Dr. McClelland's opinion.

Also, the ALJ erred in summarily rejecting Ms. Mack's treating opinion without considering that Ms. Mack, a psychiatric nurse practitioner, "qualified as an 'other source[]' that can provide evidence about 'the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work. *Garrison*, 759 F.3d at 1014-15 (citing C.F.R. § 404.1513(d)).

### 2. Lay witness Testimony

The ALJ improperly ignored several statements made by Albin Chmielinski, Plaintiff's significant other. It was improper for the ALJ to give great weight to Mr. Chmielinski's statements that bolstered her ultimate conclusions, while at the same time completely ignoring the most relevant portions of his report. Moreover, Mr. Chmielinski's report, taken as a whole, supports the conclusion that Plaintiff cannot sustain work-like activities over a full-time schedule.

### 3. Plaintiff's Credibility

In making her ruling, the ALJ found that Plaintiff's statements concerning her limitations were not credible.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

*Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

The ALJ failed to provide specific, clear and convincing reasons for discrediting Plaintiff's symptom testimony. Plaintiff's 2009 statement that she did not believe she qualified for Social Security disability benefits is not relevant or probative of whether she is or is not disabled, or does or does not suffer from disabling mental impairments. The record also demonstrates that while Plaintiff's symptoms have waxed and waned in the course of treatment, she continues to suffer from severe and chronic PTSD, as well as severe anxiety and panic attacks that rise to such a level that she becomes non-functional. The record simply does not support the ALJ's credibility determination.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

## VIII. Conclusion

Here, the ALJ erroneously rejected medical opinion evidence and Plaintiff's symptom testimony; if this evidence had been properly credited, Plaintiff would have been found disabled. Consequently, the proper remedy is to remand for a calculation and award of appropriate benefits. *Garrison*, 759 F.3d at 1019-20. A review of the record as a whole creates no serious doubt that Plaintiff is disabled within the meaning of the Social Security Act.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 20, is **DENIED**.

3. The decision of the Commissioner denying benefits is reversed and remanded for an award of benefits.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 22nd day of December, 2015.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**