UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DESIREA GETSINGER,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of the Social Security Administration,<br><br>    Defendant. | No. 1:14-cv-03127-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rile of Civil Procedure 59(e). The motion was heard without oral argument.

A party may ask the court to reconsider and amend a previous order pursuant to Federal Rule of Civil Procedure 59(e). FRCP 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir.2003)). A Rule 59(e) motion may be granted when: (1) there is an intervening change in controlling law; (2) the moving party presents newly discovered or previously unavailable evidence; and (3) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *Turner v. Burlington N. Santa Fe R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003).

Here, Defendant argues the Court committed clear error that, when

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1**

1  corrected, required the Court to affirm the Commissioner's decision.

2  Pursuant to 42 U.S.C. § 405(g), district courts have the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)).

In its Order, the Court made the following determinations:

1. The ALJ erred in giving more weight to the non-examining medical sources than to the examining and treating sources, ECF No. 24, at 9;

2. The ALJ failed to provide legitimate reasons for rejecting the opinions of Dr. McClelland, Dr. Pellicer, and Ms. Mack, *id.*;

3. The ALJ's reasons for rejecting Dr. Pellicer's opinions are not legitimate, *id.* at 10;

4. The ALJ erred in summarily rejecting Ms. Mack's treating opinion without considering that Ms. Mack, a psychiatric nurse practitioner, qualified as another source who can provide evidence about the severity of a claimant's impairment and how it affects the claimant's ability to work, *id.*;

5. The ALJ improperly ignored several statements made by Albin Chmielinski, *id.*; and

6. The ALJ failed to provide specific, clear and convincing reasons for discrediting Plaintiff's symptom testimony, *id.*

Defendant asserts the Court failed to consider all the reasons the ALJ provided in ultimately concluding that the ALJ erred in finding Plaintiff not credible. The Court disagrees. The Court carefully reviewed the ALJ's decision, the administrative record, and the parties' briefing before making its conclusions. The Court also carefully reviewed the ALJ's decision, the administrative record,

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 2**

and the parties' briefing before determining that substantial evidence in the record did not support the Commissioner's finding.

Defendant disagrees with the Court's conclusions. However, this is not a proper basis for granting a motion for reconsideration. This is especially true in Social Security review cases, given that the Ninth Circuit conducts a *de novo* review. *See March v. Colvin*, 792 F.3d 1170, 1171 (9th Cir. 2015) (We review *de novo* a district court's judgment upholding an agency denial of social security benefits. We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.) (citation omitted.)

Defendant also argues this Court erred in failing to conduct a harmless error analysis. ALJ errors in social security cases are harmless if they are "inconsequential to the ultimate nondisability determination" and that "a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id*. at 1172 (citations omitted). The Court considered whether the ALJ's errors were harmless and ultimately concluded they were not.

//
//
//
//
//
//
//
//
//
//

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 3**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), ECF No. 26, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 2nd day of March, 2016.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 4**